now. May it please the court, Steven Greenberg appearing for Petitioner and Appellant, Edward Cook, and I think at this point we need to go with Scribner rather than Lamarck for the respondent. I'd like to reserve five minutes for rebuttal. Thank you. Thank you, Your Honor. Of the certified issues in this case, the primary concern is that the State has put away a 16-year-old defendant for life without parole based in material part on a finding of the crime of robbery. The crime of robbery, that finding, went to not only count two, which was robbery, but all the way up to and count one through the finding of murder, first-degree murder, and the special offense, which is a state-prosecuted theory of aiding and abetting. That's not clear to me. It appears to me that the theory was he was a direct perpetrator, that he approached his buddy and said, let's do a 187, which the buddy understood to mean robbery, and when he said, break yourself, that means turn over all of your stuff. And it seems that the State court took a look at that and said, this doesn't have anything to do with aiding and abetting, notwithstanding some stray language in the instructions, this person was a direct perpetrator, period. Well, the State court decided that he was a direct perpetrator of part of the offense. And the State court also found the State law, direct perpetrator, direct perpetrator of a portion of the offense. The State court also found that he was not the direct perpetrator of the theft. The theft element of robbery was committed by Adolph, and the State DCA found that Cook assisted Adolph. So the State court itself, the DCA opinion, relied in its analysis on the fact that the State law was a direct perpetrator of a portion of the offense. And the State court, the State court itself, relied on the concept of aiding, but decided aiding instructions aren't necessary here. That rule ---- Is your theory dependent, then, on accepting the premise that he was prosecuted with respect to the robbery as an aider and abetter rather than as direct participant? Absolutely. Well ---- Because ---- Because if you have the intent element in the robbery instructions where it's a ---- they found that he committed a robbery, and then you take the robbery instructions and attach them to that, you have the intent element in the robbery instructions. So my question is, if you have the intent element in the robbery instructions, how is it a harm that you don't get the intent element infused into the aid and abetting instructions? I'm going to try to sort this out, because I heard about three questions there altogether. Right. And that's because the jury instructions are kind of ---- And it's a very fundamental question. I agree. I think I'll work backwards, though. Right. The last question, the intent in robbery, of course, is the intent to steal, the intent to permanently deprive a property. In the robbery instruction itself, an instruction defining robbery, I believe that was 9.40 Calgic. In that instruction, the intent is defined in the passive voice. The crime must have been committed with the intent to steal. Well, that was very easy to find for the jury, because Adolf testified to his own intent to steal. The evidence was quite ambiguous as to whether Defendant Cook had the intent to steal. So that finding, as far as the intent to steal, was quite easy for the jury to make in the absence, in reliance on aiding and abetting, but in the absence of the definition of aiding and abetting. Working one step back from that, the jury needed to find ---- Well, actually, the first question you asked me, the first question was, am I arguing that Cook was found guilty, was charged? The theory was that he was an aider and not a perpetrator. And I started answering yes, but it's actually yes and no. I'm not arguing that Cook was only an aider. That's the confusion that the DCA got involved in its analysis, and the district court actually recognized that. I'm not arguing, and I wasn't arguing in the State court, that the ---- that Cook was prosecuted only as an aider and abetter. The problem is he was both an aider and a perpetrator. He aided Adolf. That's the State's theory, and Adolf aided Cook. I'd like to read you from Peeble v. Felton, which is a case I ---- There he is. Yes. But he was a perpetrator, of course, in the murder, but you're saying he was an aider ---- only an aider in the robbery. Under the State's theory, only an aider in the theft element of robbery. Okay. Because of the force and ---- And after all, and maybe this touches on that, the last question that you asked me, which is the intent to steal, remember that if Cook committed the acts of robbery themselves, the assaultive act of robbery and the theft element of robbery, then, yes, he's a perpetrator of the acts of robbery, and they need to show he had the intent to steal. But if Adolf committed the act of theft, as the DCA found, and if Cook committed the assaultive act of robbery under the State's theory at trial, then Cook was an aider of the theft act of robbery, and the jury did not have to find his intent to steal. Under aiding theory, the jury had to find the mens rea of aiding and abetting. Counselor? Yes. Let me back up just a minute. I'm not a Californian, so I don't know. Is a 187 a code word for a robbery? I mean, that's what Adolf thought it meant. But is it code word for an assault or a murder? It's code word for murder in California penal code. Penal code section for homicide. Right. All right. Actually, well, murder specifically. All right. Within California penal code. How do you get around this? The State court says in a matter of State court law, defendant cites no authority for the proposition that when a key element of a crime is performed by another person, any accomplice is merely an aider and abetter. Although we found no Californian case discussing this issue, we conclude defendant is wrong, clearly showed the defendant was guilty, if at all, as a direct perpetrator of the robbery. How do you get around that? I get around. And this actually touches on Judge McEwen's question, because it's this hangup. He's got to be either a perpetrator or he's got to be an aider. And he doesn't. People v. Felton is in the letter that I sent the court, which you should have been filed last Monday. It was along with the letter identifying the change in parties. People v. Felton was decided September 13th. It's a court of appeal decision, but it quotes People v. McCoy, a Supreme Court decision, California Supreme Court, from 2001, which states what is truly California law. When two or more persons commit a crime together, which is the State's theory in this case as far as the robbery is concerned, both may act in part as the actual perpetrator and in part as, and this is original italics, and in part as the aider and abetter of the other, who also acts in part as an actual perpetrator. That is not only California law. That's law throughout the United States. I don't see why that makes any difference. This case here, you've got a State court opinion saying the evidence of trial clearly showed the defendant was guilty at all as a direct perpetrator of the robbery. That's what the State court opinion says about State law. Same State court found that Adolph committed the theft element of robbery and Cook assisted Adolph. They used the word, assisted Adolph in committing the theft. So those findings can't be reconciled without aiding and abetting theory. This is under aiding and abetting instruction. The State court tells us this was a direct perpetrator, and your theory is interesting but wrong. Okay. Two things. One is. We're a Federal court. Right. Now how do you transmogrify this into a Federal constitutional issue when the State court says as a matter of State law this man was a direct perpetrator and the aiding and abetting instruction isn't applicable? The State rule that the Cook case established, as the District Court found, is an unconstitutional rule. It allowed the jury and will continue to allow the jury. In fact, if you look at CALJIC 3.01, the use note instructions have people versus Cook as one of the use notes. And if a defendant commits one element of a crime and other people commit the other elements, no aiding instructions need to be given. That is an unconstitutional rule. It violates the Federal constitution. Federal constitution requires a jury finding of guilt beyond a reasonable doubt as to the defendant, as to all of the elements of the crime. Now, if the defendant is charged as an aider and abetter, then under California v. Roy, the jury must be instructed on the elements of aiding and abetting, and we need findings as to that. The Cook rule violates that Federal due process principle and a jury trial principle. Let me walk through the instructions. So first out of the box, you have to decide is it premeditated or is it felony murder. And the prosecutor argued primarily that it was premeditated because of the 187. But we don't know, right? Right. But if it was premeditated, is there any way we can reduce that, please? Wait just a moment. This is not going off your time. Thanks. All right. Well, we'll try our best. So if the jury went on premeditation, at that point they hadn't made any robbery finding, correct? Assuming that the jury analyzed count one before getting to count two. Right. And then the only robbery finding would have to be then under the special circumstances, but there's no – your argument is without any aid or abetter instruction that there's no way to hang him for the robbery. Is that right? Or at least not to know that he had – Not only that, there's no way to even know that a robbery took place. All right. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Did Cook do all of it? I guess we don't care about Adolf at this point, but did Cook do each of those things in terms of the evidence to support a robbery as opposed to aiding and abetting Mr. Adolf, who then actually went up and took the stuff and carried it away? The answer is yes. Cook did commit all of the elements. It's true that NAVA helped with the asportation of the beer, but as California law states, the actual separation of a person's property constitutes the crime of robbery. So it's true that NAVA assisted or was an aider and abetter at the end of the robbery. Cook committed all of the elements for a robbery. By separating the victim from the property that was the subject of the robbery. Correct, with the intent to permanently rob. In other words, drop your stuff means that's enough for robbery. Yes. Drop your stuff with the fact that Donald Thornton actually dropped his stuff separating from his property, and of course he was permanently deprived. That's enough for robbery and not just aiding and abetting when the other guy then actually takes it. Yes. There are a few other reasons that we know that Cook was convicted as a direct perpetrator of the robbery and not as an aider. How do you get to the fact that if, you know, I could tell somebody to drop your purse, drop your bag, how do you get to the specific intent that I don't mean just drop it now, I mean drop it forever? Because under robbery you have to have a permanent deprivation, not just temporary. I think the facts of this case show that Cook intended for Thornton to be permanently deprived. First of all, what's the evidence of that? Well, first of all, the fact that Thornton did take or drop it and then it was taken away shows that he was. When he killed him, stabbed him, he made the deprivation permanent, didn't he? That's correct, yes. But the robbery had been accomplished at that point, had it not? I mean, that's a question. When was the robbery complete in your view? The robbery had been completed. I think it goes to show his intent to permanently deprive, the fact that before he encountered Thornton, he had said, you down for a 187, showing that he was going to kill this man. The robbery had been complete, but I do think it goes to his intent. Well, theoretically, under felony murder, the robbery is not complete and continues until the exportation of the goods to a safe place, but that's another issue. That's correct. Also, you've been talking quite a bit about the jury instructions, and I'd just like to highlight a few of them that I think show specifically that Cook was convicted as a direct perpetrator. First, CALJIC number 8.21 requires that the killing of the- You know what? It helps me because we're not in court every day prosecuting under California. If you would tell us the name of it. Is it robbery? Is it special circumstances? Is it what? I'm not sure of the name of the CALJIC instruction. I don't have that up here. CALJIC 8.21 deals with determined- First degree felony murder. Okay. Yes. First degree murder. It says if the killing occurs during the commission of a robbery, it's first degree murder, but the specific intent to commit a robbery must be proven beyond a reasonable doubt. And I think that makes it pretty clear that the prosecutor did have to prove that the robbery was committed with a specific intent to deprive. Further- Well, we don't know. The prosecutor argued that this wasn't a felony murder. It was a so-called 187. In other words, it was premeditated murder, correct? That's correct. So how does your argument help? I'm just saying that the jury instructions taken together, that in order for the jury to have found that it was first degree murder, they had to have found that Cook committed the robbery and that the prosecutor had proven that he had the specific intent. Maybe I'm missing something, but I thought to show first degree murder, you had to show either premeditation or felony murder. And we don't know which the jury found. I would just say that Caljeck 8.21, I think, makes clear that- Let's step back just so we're clear. Isn't it true that under the first degree murder statute that you could either get him because it was premeditated or because it was a felony murder? Do you agree with that? Yes. And do you also agree that the way the jury verdict read, we don't know which one the jury went for? No, although it appears quite clear that the prosecutor was going for premeditated murder. Right. And now you're telling me that therefore under Caljeck that they must have shown felony murder, but the prosecutor was going for premeditated murder. So we just don't know. We don't know that the jury found felony murder, correct? Versus premeditated murder. Correct. But I'm just saying that the jury instructions, I think, show that there was a requirement that the prosecutor prove the robbery, a specific intent of robbery. Further, Caljeck number 8.80.1 deals with the special circumstance conviction, and it says for a special circumstance to be proven, the jury must find Cook guilty of first degree murder and have to find that the murder occurred during the robbery. The fact that the jury did find Cook guilty of finding the special circumstance to be true shows that they found that the murder occurred during the commission of the robbery. If you find the defendant in this case guilty of murder of the first degree, you must then determine if the following special circumstance is true or not true, colon, the murder occurred while defendant was committing a robbery. And that is specific to Cook, not to Neva. And finally, Caljeck number 8.81.7 says specifically that the robbery could not have been incidental to the murder. And I think that shows that there must have been a direct link between the murder and the robbery by the same person, Cook, not Neva. To find the special circumstance referred to in these instructions as murder in the commission of robbery is true. It must be proved the murder was committed while the defendant was engaged in the commission of a robbery. The murder was committed in order to carry out or advance the commission of the crime of robbery or to facilitate the escape there from or avoid detection. And there's further evidence that that. The special circumstance is not established if the robbery was merely incidental to the commission of the murder. I apologize. Is that what you're referring to? Yes. Okay. There's further evidence that Cook killed Thornton in part to advance the robbery. He told Ms. D. Lester that he had to kill the guy because he could have identified him. And he also told Ms. D. that he stole or that he killed the guy for some beer. So it seems very clear that the robbery was committed by Cook as a direct perpetrator, and it was in furtherance, the murder was in furtherance as well. So your argument really is that these aiding and abetting instructions kind of would have been icing on the cake given the evidence and the instructions that were given? I guess they could have been icing on the cake. I just don't think they were necessary at all, as it's clear he was found as a direct perpetrator. Certainly if they had been given, we wouldn't be here today. The other thing I would say is talk. Do you want to bet? I'm sorry? Do you want to bet? Well, there are other claims. That's true. The use notes under 3.01 also say that this Calgic should be given sua sponte if the defendant is being prosecuted as an aider and abetter. I think that's further evidence that he was not being prosecuted as an aider and abetter, because had he been, the use notes were very clear that it would have been given sua sponte. Well, that's a little bit disingenuous, isn't it, since they did give an aider and abetter line, but they just didn't give the underpinnings of the aider and abetter instruction. So they sort of gave the answer without all the ingredients. It does show that they were in the aider and abetter, you know, they were thinking about that as a theory. They were in aider and abetter land in the arguments and in the judge. Wouldn't you agree with that? It appears that the judge found that the aider and abetter, that 3.01 wasn't necessary, though they were discussing aider and abetter liability. Thank you, counsel. Thank you. The Attorney General's first point that, again, and this question keeps coming up, and I hope to resolve that, that the defendant, Cook, was prosecuted as a perpetrator, not as an aider and abetter. Again, and I read from this recent case, Felton, which cites the Supreme Court case of McCoy, in California law, you do not need to be, the jury does not need to understand that someone is either a perpetrator or an aider. If you have a multiple element crime and the different elements are committed by different people, then the jury must rely on something that makes them complicit together, whether it's conspiracy theory or aiding and abetting. There must be some link so that all of the elements are proved as to. Abetting the crime. As the Attorney General argued, the only reason you can come up with that the analysis that Cook committed the entire crime of robbery, for one thing, there's a factual issue as to his intent to rob. That was a factual question with ambiguous evidence that needed to be submitted to a jury. The second. Do you agree that both of them could be convicted for robbery? Proper and improper aiding and abetting instructions? Absolutely. I'm not saying insufficient evidence. Plenty of evidence. Could both of them be convicted as the direct perpetrator of robbery? The California law doesn't need. There is no instruction that asks the jury to make a finding. Maybe that's a better way to put it. They ask the jury to make a finding on perpetrator vis-à-vis aider. And that's because it's not necessary. As the Felton case says, either defendant can be aiders and perpetrator both. That's not the question for the jury. The jury simply needs a fully articulated theory of aiding and abetting, and they didn't get one here. Also, the Attorney General definitely mischaracterizes California law. So the California law now requires in multiple defendant cases, under all circumstances, an aiding and abetting instruction? Certainly not. I'm saying that where multiple defendants committed multiple. No one defendant, to put it that way, committed all of the elements. The Attorney General's theory is that now, not at trial, is that under California law, Cook committed the taking element of robbery because he separated the victim up from the property. As I pointed out in my reply brief, that is not California law. I cited People v. Cooper, and this is on page 5 to 6 of my reply brief. The taking element of robbery itself has two necessary elements, gaining possession of the victim's property and asporting or carrying away the loot. The evidence of this case is that Adolph personally committed both of those sub-elements of taking. There is no California law. There is no authority saying that separating the victim from property is a taking. It is not so. It's physically getting possession of the property, which is what Adolph did. Your time has expired, counsel. Thank you very much. Thank you very much, Judge. Silva v. Las Vegas Metropolitan Police Department.
judges: Meskill, Trott, McKeown